UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA JONES, ) | Case No. 1:10CV2633 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| GININE TRIM[1], ) | REPORT AND RECOMMENDATION |
| ) | OF MAGISTRATE JUDGE |
| Respondent. ) | |
| ) | |

On November 17, 2010, Cassandra Jones ("Petitioner"), represented by counsel, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from a judgment of conviction entered by the Cuyahoga County, Ohio Court of Common Pleas for one count of aggravated murder in violation of Ohio Revised Code ("O.R.C.") § 2903.01; with a firearms specification, pursuant to O.R.C. § 2941.145. On January 6, 2011, Respondent, Ginine Trim ("Respondent") filed her return of writ. ECF Dkt. #6. On March 31, 2011, Petitioner filed a response to the return of writ. ECF Dkt. #8. For the following reasons, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice:

## I. PROCEDURAL BACKGROUND

### A. State Trial Court

On April 22, 2002, the Cuyahoga County Grand Jury issued an indictment charging Petitioner with one count of aggravated murder in violation of R.C. § 2903.01, with a felony murder specification and a gun specification, pursuant to R.C. § 2941.145 (count one), aggravated murder in violation of R.C. § 2903.01, with a gun specification, pursuant to R.C. § 2941.145 (count two),

---

[1]Petitioner is housed at the Ohio Reformatory for Women, where Ginine Trim is the warden. *See www.drc.ohio.gov* "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . ." *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004). Accordingly, the Petition should be amended to name Ginine Trim as respondent.

and aggravated robbery in violation of R.C. § 2911.01, with a gun specification, pursuant to R.C. § 2941.145 (count two) ECF Dkt. #6-5 at 114-116.[2]

On August 8, 2002, based on the recommendation of the prosecutor, the trial court amended count two by removing the felony murder specification. Petitioner then withdrew her original plea of not guilty to count two and entered a plea of guilty to the amended aggravated murder charge and gun specification in that count. On that same day, the trial court sentenced Petitioner to a term of imprisonment of three years on the gun specification to be served prior to and consecutively with a sentence of life imprisonment, with the eligibility of parole in twenty years on the aggravated murder conviction. *Id.* at 118. Petitioner did not file a timely appeal of her conviction and sentence.

### B. Motion for Leave to File a Delayed Appeal and for Appointment of Counsel

On March 3, 2005, the Eighth District Court of Appeals granted her motion for leave to file a delayed appeal and for appointment of counsel. *Id.* at 122. On July 8, 2005, Petitioner's appointed counsel filed a motion to withdraw as counsel and to voluntarily dismiss appeal, pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Id.* at 123. In an *Anders* brief, appellate counsel represents that, after review of the record, he or she can ascertain no arguably meritorious issues to present on appeal. The motion was granted on July 29, 2005. *Id.* at 129. No timely appeal was taken.

### C. Motion to Withdraw Guilty Plea and Ineffective Assistance of Counsel Claim

On April 1, 2009, Petitioner filed a motion to withdraw her plea and an ineffective assistance of counsel claim. *Id.* at 131. Petitioner argued that her plea was not knowingly, voluntarily or intelligently given, because she was informed by the prosecutor and her own counsel that she was eligible for the death penalty. Petitioner was seventeen years old when the crime was committed. O.R.C. 2929.02, captioned "Penalties for murder," reads, in pertinent part:

> (A) Whoever is convicted of or pleads guilty to aggravated murder in violation of section 2903.01 of the Revised Code shall suffer death or be imprisoned for life, as determined pursuant to sections 2929.022, 2929.03, and 2929.04 of the Revised Code, except that no person who raises the matter of age pursuant to section 2929.023 of the Revised Code and who is not found to have been eighteen years of age or older at the time of the commission of the offense shall suffer death. In addition, the

---

[2]Page numbers in this report and recommendation refer to the Page ID# in the electronic filing system.

>offender may be fined an amount fixed by the court, but not more than twenty-five thousand dollars.

Petitioner offered her own affidavit as well as the affidavits of numerous family members attesting to the fact that she entered her guilty plea in order to avoid the death penalty. *Id.* at 131-154. The state did not file a response brief. The motion to withdraw guilty plea and ineffective assistance of counsel claim was denied on June 9, 2009. *Id.* at 156. Petitioner filed a timely notice of appeal on June 17, 2009. On May 6, 2010, the Eighth District affirmed the judgment of the trial court on *res judicata* grounds. *Id.* at 199-205. Petitioner filed a timely notice of appeal to the Ohio Supreme Court on June 29, 2010. *Id.* at 206. On September 29, 2010, the Supreme Court dismissed the appeal as not involving any substantial constitutional question. *Id.* at 253.

## II.     Federal Habeas Corpus Petition

On November 17, 2010, Petitioner filed the instant petition seeking relief from her state court conviction. ECF Dkt. #1. Petitioner presents the following two grounds for relief:

**Ground One:**

Violation of 6th Amendment and 14th amendment Right to Counsel

Supporting facts: Attorneys for the Defendant coerced the Defendant to take a plea by wrongly informing her that even as a juvenile she was subject to the death penalty for her crime.

**Ground Two:**

Guilty Plea not taken knowingly, voluntarily, or intelligent manner

Supporting facts: As a result of the actions of Defendant's attorney's [sic], which consisted of misinforming the juvenile Defendant that she was eligible for the death penalty, the Defendant's plea did not conform to the Constitutional requirement that it be taken in a knowingly, voluntarily and intelligent manner.

ECF Dkt. #1.

## III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default

and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); see 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve

to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing [her] claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id.* "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

**IV. ANALYSIS**

Respondent argues that Petitioner's AEDPA statute of limitations[3] began to run on September 22, 2005, forty-five days after she failed to file an appeal of her delayed appeal to the Supreme Court of Ohio.[4] However, Petitioner's motion for delayed appeal, which was filed on January 26, 2005,

---

[3]AEDPA applies to this case because Petitioner filed his petition for a writ of habeas corpus after the AEDPA's effective date of April 24, 1996. See *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir.1999), cert. denied, 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000).

[4]Ohio S.Ct.Prac.R. II 2.2(A)(1), reads, in pertinent part:

(1) (a) To perfect an appeal from a court of appeals to the Supreme Court. . .the appellant

did not "retrigger" the then expired statute of limitations for bringing a federal habeas corpus action. See *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir.2001)(filing of delayed appeal to Ohio Supreme Court does not cause federal habeas statute of limitations to begin running anew); *Howard v. Turner,* 2012 WL 1288717 (N.D. Ohio April 16, 2012)(applying *Searcy* rule to the denial of motion for delayed appeal by the Court of Appeals).

The journal entry memorializing Petitioner's conviction and sentence was received by the clerks' office for filing on August 16, 2002. Therefore, the AEDPA statute of limitations began to run on September 16, 2002, thirty days after Petitioner failed to file a direct appeal of her conviction and sentence. *See* Ohio App. Rule 4(A). The motion for delayed appeal was filed on January 26, 2005, more than sixteen months after the expiration of the statute of limitations on September 15, 2003, and therefore, did not restart the statute of limitations. Since the time had expired, Petitioner's motion for delayed appeal should not be considered in calculating the statute of limitations.

Moreover, it is well-settled in Ohio that motions to withdraw guilty pleas cannot restart the statute of limitations clock. *See Freeman v. Gansheimer,* 2010 WL 4568759 (N.D. Ohio November 3, 2010)(Boyko, J.); *Leon v. Bradshaw*, No. 1:05-cv-875, 2006 WL 1624430, at *3-4 (N.D.Ohio June 26, 2006)(Boyko, J.). *Goodballet v. Mack,* 266 F.Supp.2d 702 (N.D. Ohio 2003)(Gwin, J.); *Wells v. Warden, Lebanon Correctional Inst.*, No. 1:09-cv-051, 2010 WL 1253499, *4 (S.D.Ohio.Jan.8, 2010)(Hogan, M.J.); *Coffey v. Warden*, No. l:06-cv-717, 2007 WL 951619 (S.D.Ohio Mar.28, 2007) (Dlott, J.; Black, M.J.); *DeFluiter v. Brunsman*, No. 2:06-cv-274, 2006 WL 3751246, at *3 (S.D.Ohio Dec.18, 2006) (Holshuh, J.; Abel, M.J.). Since the time has expired, Petitioner's motion to withdraw guilty plea should not be considered in calculating the statute of limitations. As a consequence, the petition, which was filed on November 17, 2010, was filed more than eight years after the statute of limitations expired on September 15, 2003.

---

shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed. The date the court of appeals filed its judgment entry for journalization with its clerk, in accordance with App. R. 22, shall be considered the date of entry of the judgment being appealed.

The Sixth Circuit has held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). But "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Normally, in order to obtain collateral review of a defaulted claim upon a showing of actual innocence, a petitioner must establish that he is not only actually innocent of the charge which he seeks to attack, he must also demonstrate that he is actually innocent of all other more serious charges which the government had foregone during the plea bargaining process. See *Bousley* at 1611-12; *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Id.* at 602. Petitioner must "support [her] allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851. Although this standard "does not require absolute certainty," it "is demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (internal quotation marks omitted).

Here, Petitioner contends that she would not have entered a plea of guilty but for the threat that she was eligible for the death penalty. Instead of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial, Petitioner offers her own self-serving affidavit and the affidavit of her family members, in which they allege that she was coerced into her guilty plea. Evidence of coercion is not the type of evidence described in *Schlup*, *supra*, as it relates to the voluntary nature of Petitioner's plea rather than her actual innocence. In other words, evidence of coercion does not establish that Petitioner did not commit aggravated murder. As a consequence, Petitioner has failed to offer an evidence that she did not commit the crime of aggravated murder.

**V.	CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court DISMISS as time-barred the instant petition, in its entirety, with prejudice.


Date: May 3, 2012	*/s/George J. Limbert*
	GEORGE J. LIMBERT
	UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).