# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA JONES, | ) | CASE NO. 1: 10 CV 2633 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | ORDER ADOPTING |
| | ) | MAGISTRATE'S REPORT AND |
| | ) | RECOMMENDATION |
| GININE TRIM, | ) | |
| Warden, Ohio Reformatory for Women, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert.   The Report and Recommendation (ECF # 9), issued on May 3, 2012, is hereby ADOPTED by this Court.  Petitioner filed this action requesting a writ of habeus corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of her judgment of conviction. On April 22, 2002, the Cuyahoga County Grand Jury issued an indictment charging Petitioner with one count of aggravated murder in violation of R.C. § 2903.01, with a felony murder specification and a gun specification, pursuant to R.C. § 2941.145 (count one), aggravated murder in violation of R.C. § 2903.01, with a gun specification, pursuant to R.C. § 2941.145 (count two),  and aggravated robbery in violation of R.C. § 2911.01, with a gun specification, pursuant to R.C. § 2941.145 (count two) (ECF #6-5 at 114-116). On August 8, 2002, based on

the recommendation of the prosecutor, the trial court amended count two by removing the felony murder specification. Petitioner then withdrew her original plea of not guilty to count two and entered a plea of guilty to the amended aggravated murder charge and gun specification in that count. On that same day, the trial court sentenced Petitioner to a term of imprisonment of three years on the gun specification to be served prior to and consecutively with a sentence of life imprisonment, with the eligibility of parole in twenty years on the aggravated murder conviction. *Id.* at 118. Petitioner did not file a timely appeal of her conviction and sentence.   On January 26, 2005, Petitioner filed a motion for delayed appeal, which was granted by Ohio's Eighth District Court of Appeals.  On August 8, 2005, the Court of Appeals dismissed the appeal *sua sponte*, effectively affirming Petitioner's convictions.  Petitioner did not appeal this decision to the Ohio Supreme Court.

The Magistrate Judge recommends that the Petitioner's request be denied as untimely. The Magistrate incorrectly determined that the one year period for filing a habeus corpus petition under 28 U.S.C. §2244 began to run on September 16, 2002, thirty days after Petitioner failed to file a direct appeal of her conviction and sentence.  In support of this conclusion, the Magistrate cites two cases which stand for the proposition that a Petitioner's filing of a notice of delayed appeal, or motion for delayed appeal does not extend the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(1)(A).  *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *Howard v. Turner*, 2012 WL 1288717 (N.D. Ohio April, 16, 2012).  These cases, however, do not apply when the state court actually grants a motion for delayed trial and re-opens the direct review process.  *See, e.g., Jimenez v. Quarterman*, 555 U.S. 113, 120, 129 S.Ct. 681, 686 (2009); *Lawrence v. Florida,* 549 U.S. 327, 332-333 (2007); *Foster v. Bobby,*  2010, U.S. Dist. LEXIS

37489 (N.D. Ohio 2010); *Cf. State v. Silsby*, 894 N.E.2d 667, 670 (Ohio 2008).

Respondent correctly argued the Petitioner's AEDPA statute of limitations actually began to run on September 22, 2005, forty-five days after she failed to file an appeal of her delayed appeal to the Supreme Court of Ohio.   The U.S. Supreme Court cases cited by Respondent make clear that once a state court grants a request for delayed appeal, it re-opens direct review of the conviction, and the conviction is no longer "final" for purposes of § 2244(d)(1)(A).  "Rather, the order 'granting an out-of-time appeal restores the pendency of the direct appeal,' and the petitioner's conviction [is] again capable of modification through direct appeal to the state courts. . . ."  *Jimenez v. Quarterman*, 555 U.S. at 120, 129 S.Ct. at 686.  Petitioner's delayed direct appeal terminated on August 8, 2005 when the state court of appeals affirmed her convictions.  Thereafter, she had forty-five days, pursuant to Rule II, Section 2 of the Rules of Practice of the Supreme Court of Ohio, in which to file an appeal to the Ohio Supreme Court. The time for further direct review expired on September 22, 2005, when Petitioner failed to file an appeal of order affirming her convictions.  The Magistrate's Report and Recommendation correctly concludes that there was no justification for tolling the statute of limitations during the course of the limitations period.  Therefore, under the one year statute of limitations provided by the AEDPA, Petitioner's time for filing a petition under 28 U.S.C. § 2255 expired on September 23, 2006.

Petitioner filed the instant petition on November 17, 2010, more than four years after her time for filing expired.  The statute of limitations, therefore, bars any review of the petition. Petitioner did argue for the Court to equitably toll the limitations period and to review th petition despite its untimely filing.  The Magistrate's Report and Recommendation correctly analyzes the

circumstances in which equitable tolling may be considered, and correctly concludes that it is not available to the Petitioner under the circumstances of this case.

The Court has reviewed *de novo* the Report and Recommendation, *see Ohio Citizen Action v. City of Seven Hills*, 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999), and ADOPTS the Report and Recommendation with the modifications set forth above.  Further, for the reasons stated in the Magistrate Judge's Report and Recommendation, as modified by this Order, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further.  Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).  IT IS SO ORDERED.




 /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge



DATED:   June 22, 2012